IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATHLEEN MOYER,<br><br>        Plaintiff,<br><br>vs.<br><br>JO ANNE BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | Case No. 3:05-cv-0154-RRB<br><br>**<u>ORDER GRANTING MOTION</u>**<br>**<u>FOR RELIEF</u>** |

## I. INTRODUCTION

Before the Court is Plaintiff Kathleen Moyer with a Motion for Relief Under Sentence Four of 42 U.S.C. § 405(g) (Docket No. 7).[1] Plaintiff argues that the Court should enter judgment, pursuant to the fourth sentence of 42 U.S.C. § 405(g), reversing the final decision of Jo Anne B. Barnhart, the Commissioner of

---

[1] Sentence four of 42 U.S.C. § 405(g) provides in relevant part: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

ORDER GRANTING MOTION FOR RELIEF - 1
3:05-CV-0154-RRB

Social Security ("Defendant"), with a remand for a rehearing, i.e., for further administrative proceedings.[2]

Defendant opposes and argues the Court must affirm the decision denying benefits because it is supported by substantial evidence and based upon correct legal standards.[3]

## II. STANDARD OF REVIEW

"[O]n review [, the Court] is not to try [the] matter de novo, but to leave the findings of fact to the Commissioner and to determine whether the Commissioner's decision is supported by substantial evidence in light of the record as a whole."[4]

## III. DISCUSSION

A thorough review of the pleadings reveals the findings of the Administrative Law Judge (ALJ), through step-three of the five-step sequential evaluation process for determining whether a claimant is disabled,[5] are supported by substantial evidence and free of legal error.[6] However, for reasons more carefully articulated in Plaintiff's Opening Brief (Docket No. 7), and

---

[2] Clerk's Docket No. 7 at 1.

[3] Clerk's Docket No. 8 at 10 (citing 42 U.S.C. § 405(g)).

[4] Id. (citing Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992))(emphasis added).

[5] 20 C.F.R. § 404.1520.

[6] Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1193 (9th Cir. 2004).

Plaintiff's Reply Brief (Docket No. 10), the Court concludes there are multiple defects in the ALJ's step-four findings.[7]

**IV. CONCLUSION**

Consequently, the Court enters judgment under sentence four of 42 U.S.C. § 405(g), **REVERSES** Defendant's final decision, and **REMANDS** this matter for re-adjudication at step-four.[8]

ENTERED this 1st day of March, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[7] For example, the Court notes Plaintiff's past work as an inserter does not qualify as "past relevant work" because Plaintiff did not perform her past work as an inserter within 15 years of the ALJ's decision. See 20 C.F.R. § 404.1565(a)("We do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled . . . .").

[8] 20 C.F.R. § 404.1520(f)(2005)(step-four).